UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 15-10145-RGS

UNITED STATES OF AMERICA

v.

ARTHUR WILLIAMS

MEMORANDUM AND ORDER ON
DEFENDANT'S RENEWED MOTION
FOR REDUCTION OF SENTENCE

June 10, 2020

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is tightly circumscribed. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c). There is a recently enacted exception.   Under 18 U.S.C. § 3582(c)(1)(A), a district court, on the motion of the Director of the Bureau of Prisons or a defendant who has exhausted his prescribed administrative rights, may order a compassionate reduction of sentence: (1) on a finding of "extraordinary and compelling reasons"; or (2) on findings that apply to mostly elderly long-term inmates suffering from terminal or self-debilitating illnesses and who, as a result, are no longer deemed a danger to the safety of any person or the community.   Williams, who is in his early 4os and who

has served less than half of his committed sentence, does not fit the eligibility criteria that apply to the second statutory category of inmate.¹

In his renewed motion,² Williams asks that his original 120-month sentence be reduced to time served because of the threat of infection posed by the COVID-19 virus in a prison setting. Although Williams claims to be obese and to have suffered a bout of leukemia as a child, the gravamen of his complaint is not that he has any medical condition that makes him more vulnerable than the typical inmate to COVID-19, but conditions at FCI-Devens make it difficult for him to avoid persons who have become infected and to keep his living quarters as clean and sanitary as he would like.³

---

¹ Given the serious and violent nature of the crimes for which Williams was convicted after a guilty plea, which included large-scale drug distribution, gang activity, and a brazen car chase that involved repeated shooting at innocent persons who Williams and two codefendants believed were rival gang members, I agree with the government's argument that his release into the community *at present* would pose a threat to the safety of the public.

² The court declined to rule on the initial motion (filed April 24, 2020) for a failure to show the exhaustion of the available administrative remedy (a request for a reduction of sentence made to the Bureau of Prisons), which the court deems to be a mandatory prerequisite to the exercise of its jurisdiction under the compassionate release statute. *See* Dkt # 966. *See also United States v. Alam*, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). That showing has since been satisfied. *See* Dkt # 984-3 (May 18, 2020 notification of the denial of Williams's petition for compassionate release).

³ Williams also asserts that he has an incident-free prison record, which the court has no reason to doubt. As the court noted at sentencing, but for his gang involvement and the criminal activity that flowed from it,

While these are understandable concerns, they are not "extraordinary and compelling."

Second, I find the thinly sketched release plan put forward by Williams's counsel to be impractical and unlikely to protect the public safety. The proposal to reside with his fiancée at a yet-to-be determined address in Mattapan, Massachusetts, without any means or ability to closely monitor his movements, particularly in light of the over-stretched resources of the Probation Office, while not literally a return to the scene of the crime, poses a real risk of placing Williams in a neighborhood frequented by his former criminal associates. I also note that the release plan would take Williams out of a setting in which medical services are readily available to him and place him in one in which they may be difficult to obtain.

While I am as concerned as any judge with the impact of COVID-19 on the prison population, unless society is to make the decision that all prisoners should be released because of the pandemic, there must be a means of differentiating those eligible for release from those who are not. In setting the conditions that justify compassionate release, Congress made its best effort to provides judges with the tools needed to make these difficult

---

Williams is an intelligent man who, in the eyes of his friends, family, and teachers, has good aspects to his character and the potential of graduating from prison as a rehabilitated citizen ready to change his life in a positive direction.

and, at times, heart-wrenching decisions.[4]  For the time being, Williams does not meet the mandated eligibility criteria and, therefore, is not a candidate for compassionate release.

Because I can foresee no circumstances under which Williams at present could be deemed eligible for compassionate release, I also see no reason for a hearing on the matter.

## ORDER

For the foregoing reasons, the Motion for an Emergency Reduction of Sentence is DENIED.

SO ORDERED.

/s/ Richard G Stearns
UNITED STATES DISTRICT JUDGE

---

[4] Congress, in addition to the quantitative criteria set out in § 3582(c)(1)(A)(ii), directs courts to those set out in the Bail Reform Act and the policy statements of the United States Sentencing Commission.  See 18 U.S.C. § 3582(c)(2).  As I have previously noted, I think Chief Justice Gants of the Massachusetts Supreme Judicial Court summarized the considerations admirably in reminding us that "in conducting . . . de novo review [of a detention decision], a judge must give careful consideration not only to the risks posed by releasing the defendant –  flight, danger to others or to the community, and likelihood of further criminal acts – but also, during this pandemic, to the risk that the defendant might die or become seriously ill if kept in custody." Christie v. Commonwealth, 484 Mass. 397, 398 (2020).  The Chief Justice's admonition is equally pertinent in weighing a motion for compassionate release.